**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD BARROW,** : | |
| : | Case No. 2:18-cv-00674 |
| **Plaintiff,** : | |
| : | Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Kimberly A. Jolson |
| **C/O TOBY HOLTON, et al.,** : | |
| : | |
| **Defendants.** : | |

**DEFENDANTS' ANSWER TO COMPLAINT WITH JURY DEMAND**

Defendants Toby Holton, Tony Barrett, Evan Smith and Adam Smith,[1] by and through counsel, respond to Plaintiff's Complaint (Doc. 4), wherein Plaintiff alleges Defendants violated his Eighth Amendment right to be free from excessive force. (*Id.* at PageID 29-30). Defendants Holton, Barrett, Smith and Smith, for their response to Plaintiff's Complaint, answer and aver as follows:

**FIRST DEFENSE**

1. In response to Section I, "Parties to the action," on page 1 of Plaintiff's Complaint, Defendants aver that Plaintiff, Richard Barrow, is an inmate at Southern Ohio Correctional Facility located at 1724 State Route 728, Lucasville, OH 45669. As to the information contained on pages 2 and 3 of Plaintiff's complaint concerning whether Plaintiff has filed any previous lawsuits and/or whether Plaintiff presented facts relating to his Complaint in the prison grievance procedure, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this section and therefore deny the same.

---

[1] Service has not been successfully executed on C/O Kolesar; this answer does not constitute a waiver of service on C/O Kolesar. (Doc. 6).

1

2. In response to the subsection entitled "Defendants" on page 4 of Plaintiff's Complaint, Defendants aver that C/O Toby Holton, C/O Tony Barrett, C/O E. Smith, and C/O A. Smith are employed by Madison Correctional Institution located at 1851 State Route 56, P.O. Box 740, London, OH 43140.

3. In response to numbered paragraph 1 in the Section titled "Statement of Claim" on page 5 of Plaintiff's Complaint (Doc. 4, PageID 29); this paragraph makes no factual allegations against the named Defendants. If later deemed to contain allegations that Defendants needed to answer, Defendants deny all such allegations.

4. To the extent that numbered paragraphs 3-4 on page 5 of Plaintiff's Complaint make any allegations against Defendants, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs, and therefore deny the same.

5. Page 6 of Plaintiff's Complaint containing lettered paragraphs (A) through (D) constitutes Plaintiff's prayer for relief, to which no response is required. Defendants deny that Plaintiff is entitled to any of the relief sought in his Complaint, or to any other relief whatsoever.

6. In so answering, Defendants deny any and all allegations not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

7. This case is governed by the Prison Litigation Reform Act.

8. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9. Plaintiff's Complaint fails to state the deprivation of a constitutional right.

10. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendants, including, but not limited to, Plaintiff's own acts or omissions.

11. Plaintiff is barred from any equitable relief due to the application of the unclean hands doctrine.

12. Defendants are entitled to immunity, including, but not limited to, Eleventh Amendment, quasi-judicial, Ohio's sovereign immunity, and qualified immunities.

13. To the extent that Plaintiff intends to seek monetary damages, Defendants assert qualified immunity and that they complied in good faith with the law at all relevant times.

14. The Prison Litigation Reform Act ("PLRA") of 1995, as set forth in 42 U.S.C. § 1997e, limits Plaintiff's requested relief, to include, but not limited to, any request for attorney fees.

15. 42 U.S.C. § 1997e(a) demands dismissal of Plaintiff's Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in the Complaint.

16. 42 U.S.C. § 1997e(e) demands dismissal of Plaintiff's claim for monetary damages because Plaintiff cannot demonstrate a showing of physical injury.

17. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Complaint.

18. Plaintiff's claims are barred by the applicable statute of limitations and / or laches.

19. Plaintiff failed to name indispensable parties without whom complete relief is not possible.

20. Plaintiff's claims are barred by the many equitable doctrines of estoppel.

21. *Res judicata* and *collateral estoppel* bar all or some of Plaintiff's claims for relief.

22. In other words, Plaintiff's claims are barred by either claim preclusion, issue preclusion, or both.

23. Plaintiff has incurred three strikes and therefore should be denied *in forma pauperis* status.

24. Plaintiff's claims must fail due to the doctrine of *respondeat superior.*

25. Plaintiff's claim seeking preliminary and/or permanent injunctive relief is barred by the doctrine of mootness.

26. Plaintiff is not entitled to any damages that his contributory actions brought about, or his comparative fault caused, and he assumed the risk of injury when engaging in the incident.

27. Plaintiff's Complaint must fail due to the doctrine of waiver, in particular, Leaman waiver.

28. Plaintiff's claims are barred by the doctrine of privilege and/or self-defense of person and/or defense of others, pursuant to state and/or federal laws.

29. Any alleged injuries suffered by Plaintiff were not the proximate cause of Defendants' actions.

30. Defendants deny any and all allegations that may be contained in any exhibits attached to Plaintiff's Complaint for lack of proper authentication, hearsay, and other evidentiary bases.

31. Defendants raise the defense of fraud.

32. Defendants reserve the right to assert such additional affirmative defenses as may become appropriate upon prior notice to Plaintiff.

WHEREFORE, Defendants respectfully request that this Court issue an order dismissing Plaintiff's Complaint with prejudice; assessing costs to Plaintiff; certifying pursuant to 42 U.S.C. §1915(a)(3) that an appeal from this decision cannot be taken in good faith; and awarding any other relief deemed necessary and just by this Court.

    Respectfully submitted,

    MICHAEL DEWINE (0009181)
    Ohio Attorney General

    *s/ Andrea K. Boyd*
    ANDREA K. BOYD (0090468)
    Assistant Attorney General
    Criminal Justice Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    P: 614-644-7233/F: 844-283-3349
    Andrea.Boyd@ohioattorneygeneral.gov

    *Trial Attorney for Defendant*

## JURY DEMAND

Defendant demands a trial by jury as to all claims for which a jury trial is available.

    *s/ Andrea K. Boyd*
    ANDREA K. BOYD (0090468)
    Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendant's Answer to Complaint with Jury Demand* was filed electronically in the Court's ECF system on this the 4th day of September, 2018, and was sent by regular, U.S. mail to Inmate Richard Barrow, #653-549, Southern Ohio Correctional Facility, P. O. Box 45699, Lucasville, Ohio 45699.

                                             *s/ Andrea K. Boyd*
                                             ANDREA K. BOYD (0090468)
                                             Assistant Attorney General